## Case No. 13,023.

### SMITH v. CHASE.

#### [2 Hask. 106.] [1]

District Court, D. Maine. Nov., 1876.

SEAMEN—SHIPPING ARTICLES—FOREIGN VOYAGES—DISCHARGE.

1. The maritime law requires that contracts touching the service of seamen should be in writing.

2. The statute of United States requiring such contracts with the crew of vessels on foreign voyages does not apply to vessels bound for the West Indies, Mexico, and British North America.

3. Shipping articles not stipulating the time when service shall begin are valid, and the service is to commence in a reasonable time, and parol evidence is competent to show what that would be.

4. A seaman who has signed articles, and does not report for duty on board ship at the stipulated time, or, if no time is stipulated, within a reasonable time, may be discharged from further service.

In admiralty. Libel in personam [by John Smith against Charles H. Chase] for one month's wages as mate. The answer admitted that the libellant signed articles for a voyage from Portland, Maine, to the West Indies, and back to the United States, but denied that he seasonably reported on board ship for duty, and averred his discharge before the commencement of the voyage for that reason.

James O'Donnell, for libellant.

A. W. Bradbury and Bion Bradbury, for respondent.

FOX, District Judge. The Revised Statutes of the United States (section 4511) provide for the execution of an agreement in writing or print with every seaman who is to be of the crew of foreign going vessels, except vessels bound to the West India Islands, Mexico and British North American possessions, and prescribe a form for such agreement. Section 4527 gives the right to recover one month's wages to "any seaman who has signed an agreement" and is discharged without justifiable cause before the

1 [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

commencement of the voyage. As this vessel comes within the exception named in section 4511, the question arises whether section 4527 applies to this case. One construction would limit the application of the last named section to such agreements as are prescribed by the other, and that would deprive the libellant of any claim by virtue of the statute. But a more extended examination of the Revised Statutes, title, "Merchant Seamen," makes it plain that other agreements with seamen are recognized and regulated by the law. Therefore, the words "an agreement" must be taken to apply to any written agreement whatsoever. But what is the agreement here proved? It is in writing, and is in the form of that directed by the statute for vessels not belonging to the excepted classes. Now there are two important omissions in this written instrument. The statute requires that the master shall first sign, and the paper shall be dated on the day of his signature. Inspection shows that this is dated June 2d, while several of the crew signed June 1st. Or if the date affixed to the master's signature is referred to, that will be found to be May 28th instead of the day the contract is dated. This is the first irregularity; the next is, the law dictates as essential, that a time for the seaman to go on board and begin work shall be contained in the written agreement. This requirement is so wholly disregarded in the case of this mate, that if this were a case calling for a statute agreement, it is so defective that it could not be enforced by the owners.

The act of 1790 [1 Stat. 131] provided shipping articles should be signed in case of every foreign going vessel, and rendered the owner liable to pay the highest rate of wages to every seaman carried to sea without his first signing such articles. In the Revised Statutes this provision is so altered as to relate only to vessels going from state to state. The act of 1873 [17 Stat. 410] amended the general shipping commissioners' act so as to relieve vessels named above from the general obligations; and there cannot now be found in the statutes any provision demanding contracts in writing to be made with sailors going on a voyage to the West India Islands. But the general maritime law, independent of statute, requires the contract to be written. Now what contract did this libellant enter into? Upon reading the articles, one is struck with the fact that they nowhere contain any express promise of the crew to perform the voyage. It is implied, but not expressed; and it is doubtful, in case of arrest for alleged desertion by a seaman whose name is here signed, if it would not be the duty of the court to discharge him on habeas corpus.

This contract is in the statute form, and if it were in a case where this form is dictated by law, it would be more satisfactory to overlook its defects. In the present case,

though with grave question of the propriety of the construction, it is, as a matter of law, held to be a complete agreement. As no time is fixed for the beginning of service, the law attaches the condition of a reasonable time. The contract being in writing, parol evidence cannot legally be received to vary, explain or contradict its express terms, or to affect its legal construction. But as it was to be performed in reasonable time, such evidence may be received to aid in determining what in fact, under the circumstances, was a reasonable time. The evidence presented fails to show that the libellant reported for duty in a reasonable time, and his libel must be dismissed.